UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON R. TODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-2575 (UNA) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's second motion for leave to proceed *in forma pauperis* (ECF No. 4 at 5-18), and complaint (ECF No. 1), as amended (ECF No. 4 at 20-25, "Am. Compl."). The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint and this civil action.

Plaintiff is a disabled veteran, Am. Compl. ¶ 6, who has submitted assorted documents, including "ADA trauma filings," "VA medical records" and "civil-rights deprivation evidence," *id*. ¶ 9, to the U.S. Department of Justice and the Office of Civil Rights of the U.S. Department of Health and Human Services, *see id*. According to plaintiff, "[t]hese filings trigger[] mandatory regulatory duties under [Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act], including acknowledgment, review, investigation, and processing," *id*. Defendants allegedly fail to perform these duties, *see id*. ¶¶ 11-12, and thus violate the Administrative Procedure Act, Title II of the Americans with Disabilities Act, and the Rehabilitation Act, *see id*. ¶¶ 14-16, as well as the Fifth Amendment to the United States Constitution, *id*. ¶ 18. Plaintiff demands a declaratory judgment and "[a]n order compelling Defendants to perform their mandatory duties." *Id*. at 25.

"A writ of mandamus is a 'drastic and extraordinary' remedy." *Brady v. Garland*, No. 23-cv-00212 (APM), 2023 WL 7213804, at *2 (D.D.C. Sept. 29, 2023) (quoting *Cheney v. U.S. District Court*, 542 U.S. 367, 380 (2004)), *aff'd*, No. 23-5246, 2024 WL 1693618 (D.C. Cir. Apr. 11, 2024); *see Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."). "To establish entitlement to mandamus relief, the plaintiff must demonstrate 1) a clear and indisputable right to the particular relief sought against the federal official, 2) that the federal official is violating a clear duty to act, and 3) that the plaintiff has no adequate alternate remedy." *Illinois v. Ferriero*, 60 F.4th 704, 713 (D.C. Cir. 2023) (citation omitted). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

Here, plaintiff neither demonstrates a clear and indisputable right to the relief he demands nor defendants' clear duty to act. "The decision whether and when to investigate a particular matter is quintessentially discretionary," *Gage v. U.S. Attorney General*, No. 22-cv-0283, 2022 WL 602451, at *1 (D.D.C. Feb. 28, 2022); *see Ballance v. Peeples*, No. 10-cv-0864, 2010 WL 3069201, at *1 (D.D.C. Aug. 5, 2010) ("Petitioner cannot compel a criminal investigation by any law enforcement agency by means of a writ of mandamus."), and the Court cannot compel a discretionary agency action.

An Order will separately issue.

DATE: January 2, 2026                            /s/
                                                 ANA C. REYES
                                                 United States District Judge